## BIRD CANNING COMPANY v. COOPER GROCERY COMPANY.

### Decided November 14, 1900.

**Error—Citation—Waiver.**

Waiver of notice of plaintiff in error's brief is not equivalent to waiver of service of citation in error. Stephenson v. Chappell, 12 Texas Civil Appeals, 296, disapproved.

ERROR to McLennan, Nineteenth District. Tried below before Hon. J. N. GALLAGHER.

*H. P. Jordan* and *J. T. Sluder*, for plaintiff in error.

*Jno. W. Davis*, for defendant in error.

KEY, ASSOCIATE JUSTICE.—The clerk of this court, being of the opinion that the writ of error in this case has not been perfected, has referred the matter to the court for decision, as authorized by amended rule 1.

The record discloses a partial proceeding in error, but there is no citation in error or return showing service of such writ contained therein. Counsel prosecuting the writ of error contend that the defendant in error has waived the issuance and service of a citation in error, by reason of the execution of the following instrument:

"WACO, Texas, September 27, 1900.

"Received of H. P. Jordan, attorney for the Bird Canning Co. in the case of the Bird Canning Co. v. the Cooper Grocery Co., the same being carried to the Court of Civil Appeals at Austin, Texas, his brief in said appeal by writ of error, and hereby waive service of a notice of said brief.

(Signed)  ·  "JNO. W. DAVIS,
"Atty for the Cooper Gro. Co."

This document was filed in the court below the same day it bears date. It embodies nothing more than a receipt for a copy of plaintiff in error's

brief and a waiver of notice of the filing of such brief, and can have no greater effect than would have resulted from service of such notice. That service of such notice was not intended to supersede and dispense with the issuance and service of a citation in error, is, we think, quite manifest; because, if it had been so intended, both would not have been required.

The point decided by the Court of Civil Appeals for the Fourth District in Stephenson v. Chappell, 12 Texas Civil Appeals, 296, is not entirely analogous; but we are not prepared to indorse that decision.

We hold that the writ of error has not been perfected, because the record fails to show service of citation in error or waiver thereof; and twenty days will be allowed to amend the record in this respect, and the clerk is directed to so notify plaintiff in error's attorneys and not to file the transcript unless the record be amended within the time stated above.

Upon an amended record the transcript was filed December 7, 1900. The judgment of the trial court was affirmed without written opinion on March 20, 1901.